UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| Kenneth Rouse, <br>     Plaintiff, <br><br> v. <br><br> CACV of Colorado, LLC, <br>     Defendant. | Civil Action No. 2:06cv339-WHA <br><br> **COMPLAINT AND** <br> **DEMAND FOR JURY TRIAL** <br><br> (Fair Debt Collection Practices Act, <br>     Associated State Claims.) |

## COMPLAINT

### I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter, "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices and state of Alabama common law claims for malicious prosecution and abuse of process (hereinafter "state claims").

### II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 15 U.S.C.§ 1681, and 28 U.S.C. §1367. Declaratory relief is available pursuant to 28 U.S.C. § 2201 and 2202. Venue in this District is proper in that Defendants transact business here and the conduct complained of occurred here.

### III. PARTIES

3. Plaintiff Kenneth Rouse is a natural person residing in Elmore County, Alabama.

4. Defendant CACV of Colorado ("CACV"), is a Colorado corporation engaged in the business of collecting debts in the State of Alabama. This Defendant is unlicensed and unregistered with the State of Alabama. The principal purpose of Defendant is the collection of debts using the mails and telephone. Defendant regularly attempts to collect debts alleged to be due another. Defendant is a

"debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6) and *Code of Alabama*, §40-12-80.

## IV. FACTUAL ALLEGATIONS

5. On or about April, 2005, Plaintiff received notice from Defendant demanding payment referencing account #05-10805-0TM2. Plaintiff wrote a letter in response within thirty days. Plaintiff requested that Defendant provide validation of the alleged debt. Specifically, Plaintiff wanted to know the original creditor. Defendant never responded. On or about November, 2005, Defendant hired the Birmingham law firm of Zarzaur & Schwartz, P.C. Zarzaur & Schwartz sent a demand letter to Plaintiff referencing an account #05-10805-0TM2. Again, Plaintiff immediately wrote a letter to Zarzaur & Schwartz requesting validation of the referenced debt. Zarzaur & Schwartz responded by letter with an attachment. The attachment apparently came from Defendant. Again the Defendant failed to provide Plaintiff with name of the original creditor. Defendant never provided Plaintiff with a proper accounting of the amount allegedly owed.

6. On or about November 9, 2005, Defendant sued Plaintiff in the District Court of Elmore County, Alabama (DV-05-481). Plaintiff was served and answered in a timely manner. Plaintiff generally denied the claim demanding proof. The case was set for bench trial on January 24, 2006. Defendant failed to show for trial and the matter was continued until March 2, 2006. Defendant failed appeared for trial through legal counsel only. Counsel for Defendant attempted to negotiate settlement with Plaintiff but was not prepared for trial and did not have witnesses. Further, counsel for Defendant had no proof of the debt and could not provide proof of the original creditor. At the request of counsel for Defendant, case was again continued until April 26, 2006. On March 14, 2006, Defendant through legal counsel unilaterally contacted the district court requesting that the case be dismissed without prejudice. The case against Plaintiff was dismissed without prejudice on March 13, 2006.

7. Plaintiff has not to date received any validation of the original creditor. Furthermore, Plaintiff has no reason to understand or appreciate why Defendant pursued litigation against him without the ability or capacity to prosecute the case.

## **GENERALLY**

8. Due to Defendant's tactics Plaintiff was forced to retain the services of an attorney.

9. The facts considered, Plaintiff has reason to believe and does believe that Defendant will continue to pursue the alleged debt. Further, Plaintiff has reason to believe and does believe that Defendant will continue to violate the Fair Debt Collection Practices Act.

10. As a result of the acts alleged above, Plaintiff suffered emotional distress, mental anguish, headaches, embarrassment, and was forced to hire the services of an attorney.

**COUNT I - VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)**

11. Plaintiff repeats and realleges and incorporates by reference paragraphs one through ten above.

12. Defendant is a collection agency as defined by 15 USC §1692a(6). The law firm of Zarzaur & Schwartz, P.C. is an agent of Defendant as defined by *Kimber v. Federal Financial Corp.*, 668 F. Supp. 1480, 1486 (M.D. Ala. 1987).

13. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, 15 USC §1692g, 15 USC §1692e, 15 USC §1692f and the following:

A). Attempting to collect a debt not owed;

B). Taking illegal actions against Plaintiff;

C). Making false or misleading representations;

D). Using unfair or unconscionable means to attempt to collect;

E). Attempting to collect a debt prior to providing validation of the debt;

F). Failing to provide validation of the debt;

13. As a result of the foregoing violation of the FDCPA, Defendant is liable to Plaintiff for declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages, costs and attorney's fees, 15 USC §1692k.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA;

B. Actual damages;

C. Statutory damages pursuant to 15 U.S.C. §1692k;

D. Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k; and,

E. For such other and further relief as the Court may deem just and proper.

## COUNT II - MALICIOUS PROSECUTION

14. Plaintiff repeats and realleges and incorporates by reference paragraphs above.

15. Defendant's act of filing suit against Plaintiff, as described above, was done maliciously and without care or concern for the truth or accuracy of the matter asserted. Defendant's act was for the purpose of illegally coercing Plaintiff to pay the alleged debt.

16. Defendant initiated a judicial process without probable cause. The judicial process was terminated in favor of Plaintiff.

17. As a proximate consequence of Defendant's conduct, Plaintiff has been embarrassed and humiliated and emotionally distressed.

18. As a proximate consequence of Defendant's conduct, Plaintiff has been forced to hire an

attorney, and has incurred expenses.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for the following:

A. Punitive damages;

B. Compensatory damages; and,

C. For such other and further relief as the Court may deem just and proper.

RESPECTFULLY submitted this the __13th__ day of April, 2006.

/s/ K. Anderson Nelms
K. ANDERSON NELMS
P.O. Box 5059
Montgomery, AL 36103
Phone: (334) 263-7733
Fax: (334) 832-4390
andynelms@jaylewislaw.com
ASB-6972-E63K
Counsel for Plaintiff

THE LAW OFFICES OF JAY LEWIS, LLC
847 S. McDonough Street
Montgomery, Alabama 36104
(334) 263-7733
fax: (334) 832-4390

**DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff demands trial by Jury in this action.

**Defendant may be served at the following addresses:**

CACV of Colorado, LLC

c/o National Registered Agents

1535 Grant Street

Suite 5000

Denver, CO 80202