IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| KENNETH ROUSE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. |
| v. ) | |
| ) | 2:06cv339-WHA |
| CACV OF COLORADO, LLC, ) | |
| ) | |
| Defendant. ) | |

## ANSWER

COMES NOW, the defendant CACV of Colorado, LLC, and answers the Complaint filed against it in this matter as follows:

### I. INTRODUCTION

1. The defendant denies any violation of the Fair Debt Collection Practices Act and further denies any violation of Alabama Common Law claims. The defendant further denies that the plaintiff has stated a separate cause of action for abuse of process.

### II. JURISDICTION AND VENUE

2. The defendant admits the United States District Courts have jurisdiction over this matter. Because the defendant does not know the residence of the plaintiff, the defendant cannot stipulate to venue. The defendant does not waive insufficiency of service.

### III. PARTIES

3. The defendant has insufficient information to admit or deny this averment.

4. The defendant admits it may be defined as a debt collector per the FDCPA and 40-12-80 Code of Alabama, but denies it collects debt. The defendant admits it is not licensed or registered with the State of Alabama, but denies the need to be licensed or registered. The remainder of the averment is denied.

## IV. FACTUAL ALLEGATIONS

5. Denied.

6. Denied.

7. Denied.

## GENERALLY

8. Denied.

9. The defendant admits it has the right to continue to pursue this debt. The remainder of this averment is denied.

10. Denied.

## COUNT I – VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

11. The defendant reincorporates its previous responses as if fully set out herein.

12. The defendant admits that, at times, it acts as a collection agency as defined by 15 U.S.C. § 1692a(6). The defendant denies the law firm of Zarzaur & Schwartz is its agent.

13. Denied.

    a. Denied.

    b. Denied.

    c. Denied.

   d.  Denied.

   e.  Denied.

   f.  Denied.

13.[sic]  Denied.

As to the unnumbered paragraph following the fourteenth paragraph in the Complaint (though it is the second paragraph in the Complaint labeled "13") the defendant denies that the plaintiff is entitled to a declaratory judgment for any alleged violation of the FDCPA, and continues to deny any violation of the FDCPA; the defendant denies the plaintiff has suffered actual damages or that the plaintiff is entitled to statutory damages; the defendant denies the plaintiff is entitled to reasonable attorney's fees and further denies that the plaintiff is entitled to any other and/or further relief.

## COUNT II – MALICIOUS PROSECUTION

14.[sic]  The defendant reincorporates its previous answers as if fully set out herein.

15.[sic]  Denied.

16.[sic]  Denied.

17.[sic]  Denied.

18.[sic]  Denied.

As to the unnumbered paragraph following the 19th paragraph in the Complaint (though labeled as the 18th paragraph in the Complaint) the defendant denies the plaintiff is entitled to punitive damages, compensatory damages, or any other form of relief pursuant to the claim for malicious prosecution.

## AFFIRMATIVE DEFENSES

1. The defendant pleads the general issue.

2. The Complaint fails to state a claim or cause of action upon which relief can be granted.

3. The defendant pleads the applicable statute of limitations.

4. The plaintiff's right to recover, if any, is limited to the relief allowed under the Fair Debt Collection Practices Act. The defendant specifically denies any violation of this act.

5. All of the claims attempted to be alleged in this Complaint are governed by the Fair Debt Collection Practices Act.

6. The defendant avers that the plaintiff was contributorily negligent and/or assumed the risk of his own conduct.

7. The defendant avers that the plaintiff failed to mitigate damages in accordance with Alabama Law.

8. Though the defendant denies any violation of the Fair Debt Collection Practices Act, the defendant pleads the affirmative defense of bona fide error and states that if any violation did occur of the FDCPA or Alabama Common Law, the violation was not intentional and resulted from a bona fide error not withstanding the maintenance of procedures reasonably adopted to avoid any such error.

9. The defendant pleads the affirmative defense of lack of proximate cause.

10. The defendant pleads that the plaintiff's state law claims and causes of action are barred or preempted, in whole or in part, by applicable federal law.

11. The defendant denies that the plaintiff has alleged or sustained any actual damages caused the conduct of this defendant, or caused by others for which this defendant is liable.

12. The defendant pleads that at the time suit was filed, it possessed information and belief sufficient to cause a prudent person to believe that there was a reasonable possibility of success on the merits in the underlying collection action.

13. The defendant pleads it had a reasonable grounds supported by circumstances sufficiently strong in and of themselves, to warrant a cautious man to believe that the plaintiff in this matter owes the debt made the basis of the underlying collection lawsuit.

14. The defendant denies that the proceedings were terminated permanently in favor of the plaintiff.

15. The defendant denies any collection efforts, including filing suit, were undertaken with malice or with lack of probable cause.

16. An award of punitive damages will violate the defendant's rights to due process of law under the Fifth and Fourteenth Amendments of the United States Constitution and defendant's rights under Article I, Sections 6 and 13 of the Constitution of Alabama of 1901, because under Alabama law (a) the standard for an award of punitive damages is so vague and indefinite that it does not give defendants adequate notice of the kind of conduct for which it may be liable for punitive damages or the extent of its possible liability; (b) the judge or jury is not provided with constitutionally adequate standards of sufficient clarity, objectivity, and uniformity for determining either the appropriate imposition of an award of punitive damages or the appropriate size of an

award of punitive damages; (c) the judge or jury is not instructed in a constitutionally adequate manner on the limits of punitive damage awards imposed by the applicable principles of punishment and deterrence; (d) the judge or jury is not expressly prohibited from awarding punitive damages, or from determining the amount of an award of punitive damages, in whole or in part, on the basis of individually discriminatory characteristics, including without limitation, the residence, wealth, and/or corporate status of the defendants; (e) defendants may be subjected to punishment based upon the same course of conduct in more than one action; (f) the judge or jury is permitted to award punitive damages under standards for determining liability for, and the amount of, punitive damages that are vague and arbitrary and that do not define with sufficient clarity the culpable conduct or mental state that makes an award of punitive damages permissible; and (g) an award of punitive damages is not subject to judicial review for reasonableness and furtherance of legitimate purposes on the basis of constitutionally adequate standards of sufficient clarity, objectivity and uniformity.  As discovery in this matter is ongoing, the defendant pleads the following affirmative defenses to avoid waiver:  lack of subject matter jurisdiction, lack of personal jurisdiction, insufficiency of process, and failure to join indispensable parties.

17.    The defendant reserves the right to add additional affirmative defenses as discovery continues.

  /s/   Neal D. Moore, III
Neal D. Moore, III (MOO073)
*Attorney for CACV of Colorado, LLC*

OF COUNSEL:

**FERGUSON, FROST & DODSON, LLP**
Post Office Box 430189
Birmingham, Alabama  35243
205-879-8722 - phone
205-873-8831 – fax

## CERTIFICATE OF SERVICE

I hereby certify that I have on this the 12th day of May, 2006, served a copy of the foregoing pleading electronically via CM/ECF system on the following counsel of record:

K. Anderson Nelms
Post Office Box 5059
Montgomery, Alabama 36103
*Attorney for Plaintiff*


                    /s/   Neal D. Moore, III
                    OF COUNSEL

129869