IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| KENNETH ROUSE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. |
| v. ) | |
| ) | 2:06cv339-WHA |
| CACV OF COLORADO, LLC, ) | |
| ) | |
| Defendant. ) | |

**REPORT OF PARTIES' PLANNING MEETING**

    1.    Pursuant to Federal Rule of Civil Procedure 26, Andy Nelms, counsel for the plaintiff and Anna J. Williams, counsel for CACV of Colorado, LLC, conducted a status conference on May 30, 2006, for purposes of preparing the parties' proposed discovery plan. As a result of this meeting and in compliance with Federal Rule of Civil Procedure 26, the parties submit the following synopsis of claims and defenses and proposed discovery schedule:

    2.    Claims: Plaintiff alleges violations of the Fair Debt Collection Practices Act ("FDCPA") and Malicious Prosecution. Plaintiff seeks declaratory judgment that Defendant violated the FDCPA, actual damages, statutory damages, punitive damages, compensatory damages, attorney's fees and costs.

    3.    Defenses: The Defendants deny that they have violated the FDCP or maliciously prosecuted the Plaintiff. Defendants assert the following defenses: immunity, truth/accuracy of the information, failure to mitigate

damages, contributory/comparative fault, assumption of the risk, bona fide error, intervening causation, and statute of limitations.

    4.    Pre-Trial Discovery Disclosures:  The parties will exchange by June 14, 2006, the information required by Federal Rule of Civil Procedure 26.

    5.    Discovery Plan:  The parties jointly propose to the court the following discovery plan.

    a.    Discovery will be needed on the following subjects:  the origin, background, servicing, and satisfaction of the debt in question, the collecting procedures of the defendant, the reinvestigation procedures of the defendants, compliance with the FDCP, the process by which the defendant decides to file suit and what damages, if any, are causally related to the alleged conduct of the defendants.

    b.    All discovery commenced in time to be completed by May 1, 2007.

    c.    The maximum of 25 interrogatories by each party (responses due 30 days after service).

    d.    The maximum of 40 requests for admission by each party (responses due 30 days after service).

    e.    The maximum of 25 requests for production of documents by each party (responses due 30 days after service).

    f.    The maximum of 10 depositions by the plaintiff and 10 depositions by the defendant.

  g. Each deposition limited to a maximum of six hours over one day unless extended by agreement of the parties.

  h. Reports from retained experts under Rule 26(a)(2) due:

   - from the plaintiff by December 4, 2006; and to be deposed by January 15, 2007.

   - from the defendant by February 15, 2007; and to be deposed by March 31, 2007.

  i. Supplementations under Rule 26(e) due no later than 30 days prior to trial.

6. Other items:

  a. The parties do not request a conference with the court before entry of the scheduling order.

  b. The parties request a pre-trial conference in April of 2007; at this conference the parties can apprise the Court of the development of the case and, if appropriate and with the Court's consent, adjust the discovery and trial dates as needed.

  c. Plaintiffs should be allowed until July 31, 2006 to join additional parties and until August 31, 2006, to amend the pleadings. All potentially dispositive motions should be filed by April 30, 2007.

  d. Settlement cannot be evaluated prior to October 1, 2006.

  e. Final lists of witnesses and exhibits under Rule 26(a)(3) should be due from the plaintiff by June 22, 2007, and from the defendant by June 5, 2007.

    f. Parties should have 14 days after service of final lists of witnesses and exhibits to list objections under Rule 26(a)(3).

    g. This case should be ready for trial by August 6, 2007, and at this time is expected to take approximately five days to try.

 DONE this 31st day of May, 2006.

            /s/   Neal D. Moore, III
            Neal D. Moore, III (MOO073)
            Anna J. Williams (WIL316)
            *Attorney for CACV of Colorado, LLC*

OF COUNSEL:

**FERGUSON, FROST & DODSON, LLP**
Post Office Box 430189
Birmingham, Alabama  35243
205-879-8722 - phone
205-873-8831 – fax

             /s/  Andy Nelms
            K. Anderson Nelms (NEL022)

Post Office Box 5059
Montgomery, Alabama 36103
Phone: (334)263-7733
Fax: (334) 832-4390

131170